NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL PETERSON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HUDSON COUNTY CORRECTIONAL : <br> CENTER, et al. : <br> : <br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-CV-548 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Nathaniel Peterson's ("Plaintiff), application for pro bono counsel. Plaintiff, who is proceeding pro se and in forma pauperis, asserts civil rights violations against Defendants pursuant to 42 U.S.C. § 1983. For the reasons set forth below, Plaintiff's application is **denied**.

Civil litigants have neither a constitutional nor a statutory right to appointed counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir.1997). Under 28 U.S.C. §1915(e)(1), however, "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under this section is discretionary. Id. at 457; see also Hyman v. Rickman, 446 U.S. 989, 992 (1980) (Blackmun, J., dissenting).

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit established standards providing guidance to district courts in exercising their discretion under § 1915(e)(1): if the District Court determines that a plaintiff's claim has merit, then the District Court should

consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5).  This list is not exhaustive. Id. at 458.  "Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Id. (citing Tabron, 6 F.3d at 157).

Plaintiff requests that this Court grant his application for pro bono counsel because he wishes to "sue" and lacks the "means to retain counsel" and does "not understand the law fully to litigate [his] case." (See Plaintiff's Application for Pro Bono Counsel. ¶ 4).  The explanation provided by Plaintiff in support of his application and the facts set forth therein, do not weigh in favor of the assignment of pro bono counsel under the factors set forth in Tabron.

This Court has carefully reviewed Plaintiff's application in conjunction with the aforementioned Tabron factors and has determined that counsel should not be assigned. Therefore, this Court **denies** Plaintiff's application for appointment of pro bono counsel.  An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:       July 5, 2006
Original:   Clerk's Office
Copies:     All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.