NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NATHANIEL PETERSON | : | Hon. Dennis M. Cavanaugh |
|  | : |  |
|  | : | **OPINION** |
| Plaintiff, | : |  |
|  | : | Civil Action No. 06-CV-0548 (DMC) |
| v. | : |  |
|  | : |  |
| HUDSON COUNTY CORRECTIONAL CENTER, OSCAR AVILES, DIRECTOR and ERIC ROBERTS, DEP. DIRECTOR, | : |  |
|  | : |  |
| Defendants. | : |  |

<u>DENNIS M. CAVANAUGH</u>, U.S. District Judge

      This matter comes before the Court on motion by Defendants for summary judgment.  For the reasons set forth below, Defendants' motion is **granted.**

### <u>BACKGROUND</u>

      Plaintiff Nathaniel Peterson ("Peterson") was incarcerated at the Hudson County Correction Center ("HCCC") on March 21, 2005.  On August 5, 2005, the Hudson County Home Confinement Program ("County") placed Plaintiff on home confinement.  The program required Plaintiff to obtain and maintain employment.  Plaintiff had a curfew; he was allowed to leave his home only to work from 5:30 a.m. to 5:00 p.m., Monday through Saturday, and from 11:00 a.m. to 1:00 p.m. on Sunday.  The program required that Plaintiff remain at home when not working

and demanded prior consent from the County in order to leave his residence when not working. Plaintiff was required to wear an electronic monitoring device at all times. The County reserved the right to remove Plaintiff from the program at any time and could also subject Plaintiff to warrantless searches and drug testing. As a condition of his participation in the program, Plaintiff acknowledged that if he failed to comply with the terms of his home confinement release he would be charged as an escapee under N.J.S.A. 2C:29-5.

Plaintiff claimed that he found employment with Pacific Sea Imports & Exports, Inc. ("Pacific") and submitted a letter from Pacific signed by Liz Virella ("Virella"), Pacific Property Manager, confirming that Plaintiff secured employment with Pacific. However, on a number of occasions in the fall of 2005, Peterson violated his curfew by arriving at his residence late and by leaving his home when he was supposed to be at work.

Growing suspicious of Plaintiff's behavior, Lt. Orestes Alvarez ("Alvarez"), an HCCC corrections officer, placed a call to George Fabrie ("Fabrie"), supervisor at Pacific. Fabrie advised Alvarez that Plaintiff never worked for Pacific and that Pacific fired Virella, who was also Plaintiff's girlfriend, for forging an unauthorized Pacific check to Plaintiff. The County took Plaintiff back into custody for violating the terms of the program on October 21, 2005.

The County conducted a hearing before the Disciplinary Detention United Committee ("Committee"). The Committee charged Plaintiff with violating the conditions of his release program, lying and perpetrating a fraud. Plaintiff plead not guilty and stated, "I was working off the books and I needed a pay stub so my friend made one for me; I never cashed any of the checks." Plaintiff presented no witnesses during the hearing. The Committee found Plaintiff guilty on all charges.

Plaintiff subsequently filed a complaint alleging that the Committee violated his due process rights. Defendants then moved for summary judgment. Plaintiff has not opposed.

## DISCUSSION

Summary Judgment Rule

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed R. Civ. P. 56(c)).

Additionally, "[t]he non-moving party may not simply rest on its pleadings to oppose a summary judgment motion but must affirmatively come forward with specific evidence establishing that there is a genuine issue of fact." Id. at 324. If the record analyzed in its entirety cannot "lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view "the facts and inferences in the light most favorable to the non-moving party." Pollock v. American Te. & Tel. Long Lines, 794 F.2d 860 (3d Cir. 1986).

Plaintiff's Due Process Rights

Plaintiff willingly and knowingly agreed to the terms and conditions of participation in the work program offered by the County. The County made Plaintiff aware that the result of any violation of the terms of the program would be a return to prison. In fact, the HCCC considered Plaintiff an inmate for the entire duration of his participation in the program.

Due process in a prison disciplinary hearing requires that the inmate receive (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an

appearance at the disciplinary hearing; (2) an impartial hearing; (3) assistance from an inmate or staff representative if the charged inmate is illiterate or if complex issues are involved; (4) an opportunity to "call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals"; (5) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action." Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974).

      According to Defendants, the County provided Plaintiff notice of the charges against him more than 24 hours before holding his hearing. The impartial Committee found Plaintiff guilty on all charges. Defendants point out that this result is reasonable based on Plaintiff's repeated failure to comply with the program's curfew and work requirements and that Plaintiff, along with his girlfriend, engaged in behavior designed to mislead the County. Defendants contend that the assistance of a staff representative to aid Plaintiff was unnecessary because Plaintiff is literate and the charges against him were not complex. Indeed, Plaintiff acknowledged that he fully understood the charges brought against him prior to the hearing. Although given the opportunity to do so, Plaintiff elected not to present witnesses in his defense. Sgt. William Cannon, Disciplinary Detention United Commander, drafted the hearing summary and noted the evidence upon which the Committee relied in reaching its decision.

      Plaintiff received a hearing which complied with the requirements of due process as set forth in Wolff v. McDonnell.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's complaint are **granted**.  An appropriate Order accompanies this Opinion.


      S/   Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Dated: 12/22/06